IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT L. MOORE, JR.,
ADC #140226                                                              PLAINTIFF

5:16CV00269-DPM-JTK

CONNIE COOK, et al.                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff Robert Moore is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants denied his right to freedom of association when they denied his wife visitation privileges with him. He requested monetary and injunctive relief.

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by Defendants Cook, Straughn, Budnik and Robertson (Doc. Nos. 34-36). Plaintiff filed a Response in opposition to the Motion (Doc. No. 40).

### II. Facts

In his Original Complaint, Plaintiff stated that he was incarcerated in September 2015, and that his wife's request for visitation was denied in October 2015. She spoke with Defendant Warden Straughn about the issue and he informed her she would have to wait until April 2016, to resubmit a visitation request form because she was a former Cummins employee and ADC policy

2

required that she wait three years for visitation privileges. Plaintiff then wrote Defendants Straughn and Budnik in June 2016, and July 2016, about getting his wife approved to visit him. They told him the Warden denied his wife visitation privileges with him for reasons which were confidential and that she would have to explain them to Plaintiff. Plaintiff also claimed Defendants Cook and Robinson failed to help him get his wife on his list.

In his Amended Complaint, Plaintiff alleged that Defendant Straughn violated his and his wife's rights to freedom of association, without a "reasonable-related or a legitimate penological interest." (Doc. No. 21)

### III. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

Defendants first ask the Court to dismiss Plaintiff's complaint based on his failure to exhaust his administrative remedies prior to filing his lawsuit, as required by the ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 34-2), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendants present the Declaration of Barbara Williams, ADC grievance supervisor, who stated that prior to filing this lawsuit, Plaintiff filed one grievance about the issue, CU-16-00852, but failed to completely exhaust the grievance (Doc. No. 34-1, p. 4). According to the grievance procedure, an inmate must first file an Informal Resolution, and if he/she is not satisfied with the response, may then file a formal grievance directed to the Warden or his designee. (Id., pp. 1-2) If the inmate does not agree with the Warden's decision, he/she may appeal to the Deputy Director, and must include specific documents attached to the appeal. (Id., p. 2). The grievance policy also informs inmates that they must exhaust their remedies as to all defendants at all levels of the procedure before filing their § 1983 lawsuit. (Id., p. 3). In this particular case, Plaintiff filed a grievance on July 25, 2016, complaining that his wife's request to be placed on his visitation list was denied. (Id., p. 4) The Warden responded to the grievance on August 8, 2016, but Plaintiff's appeal was rejected for failure to include the Unit Level Grievance form as required by the grievance procedure. (Id.) Williams added that although Plaintiff subsequently filed another grievance, CU-16-01035, on September 6, 2016, he filed it after he filed the present lawsuit. (Id.)

Based on this Declaration and the requirements of the grievance policy and the PLRA, Defendants ask the Court to dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies.

In Response, Plaintiff states that he did exhaust because the Acknowledgement of

Grievance Appeal/Rejection of Appeal which he received stated, "Failure to follow policy has resulted in a rejection for this appeal and marks the end of the appeal process."  (Doc. No. 2, p. 9) Based on this response, Plaintiff states there were no further available administrative remedies.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).  In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).  Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that

5

define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so *properly*." Porter v. Nussle, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Porter, 548 U.S. at 90-91.

In this case, the ADC grievance policy in effect clearly instructs inmates to include the original Unit Level Grievance Form with the appeal from the Warden's decision, and warns that failure will result in return of the appeal as rejected. (Doc. No. 34-2, p. 11)   In addition, the policy instructs inmates that the PLRA requires that administrative remedies be exhausted as to all defendants at all levels of the grievance procedure prior to filing a § 1983 lawsuit. (Id., p. 17). According to the grievance information provided to the Court, the Warden denied Plaintiff's grievance on August 8, 2016, and Plaintiff's appeal was rejected for failure to follow policy on August 16, 2016 (Doc. No. 34-3, pp. 2-3).   Plaintiff does not dispute this, but claims that at that point he exhausted his remedies because the process had ended.   However, the process ended only because Plaintiff failed to properly comply with the grievance rules, and it did not end with a decision based on the merits of his complaint.   Therefore, Plaintiff did not exhaust his remedies as required by the grievance procedure and the PLRA, and his complaint should be dismissed.[1]

---

[1] In light of the Court's conclusion that Plaintiff failed to completely exhaust his administrative remedies as to the individual Defendants, the Court will not address Defendants' remaining arguments in support of their Summary Judgment Motion.   See Johnson v. Jones, where the Court stated that dismissal of an action is mandatory once it is determined that exhaustion was not completed at the time the lawsuit was filed.   340 F.3d at 627.   See also Lyon v. Vande Krol,

**IV.	Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 34) be GRANTED, and Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 7th day of November, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

305 F.3d 806, 807, 809 (8th Cir. 2002) (en banc), and <u>Barbee v. Correctional Medical Services</u>, No. 10-1891, 2010 WL 3292789 (8th Cir. 2010).